UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR ROSAS and RAQUEL
BURICH,

    Plaintiffs,

v.                                          Case No: 2:18-cv-586-FtM-99CM

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**[1]

    This matter comes before the Court on *sua sponte* review of Defendant GeoVera Specialty Insurance Company's (GeoVera's) Notice of Removal. (Doc. 1). Plaintiffs Oscar Rosas and Raquel Burich sued GeoVera in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida for breach of contract under Florida Law. (Doc. 2). GeoVera removed this case based on diversity of citizenship. (Doc. 1 at ¶ 9).

    A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). To have original jurisdiction, the amount in controversy must exceed $75,000 and there must be a complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The party seeking removal

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

bears the burden of establishing jurisdiction. *See* Lowery v. Ala. Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007).

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "A federal district court must therefore remand to state court any case that was removed without . . . the necessary jurisdiction." Estate of Ayres ex rel. Strugnell v. Beaver, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999). "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Id.* (internal quotations omitted).

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). A corporation is "a citizen of any State by which it is incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). And, a corporation's "principal place of business refers to the place where the corporation's high level officers direct, control, and

coordinate the corporation's activities[,] . . . the corporation's nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Here, Plaintiffs Rosas and Burich's citizenship is unclear. The Notice of Removal states that "Plaintiffs *reside[ ]* in Lee County, Florida." (Doc. 1 at ¶ 5, emphasis added). This is insufficient. As stated, a party's domicile, not his residence, is relevant for diversity purposes. Defendant GeoVera's citizenship is also ambiguous. The Notice states that "GeoVera was and is a foreign corporation, incorporated in Delaware, doing business in the State of Florida, with its principal place of business in California." (Doc. 1 at ¶ 4). GeoVera is plainly a citizen of both Delaware and California according to § 1332(c)(1). However, it is unclear whether GeoVera is also a citizen of Florida. "[D]oing business in Florida" could mean that GeoVera has made a single transaction in Florida or that its high level officers direct, control, and coordinate business in Florida. (Doc. 1 at ¶ 4). If the latter is true, then GeoVera is certainly a citizen of Florida as well. *See Hertz*, 559 U.S. at 80.

Consequently, GeoVera has failed to properly allege the citizenship of the parties; therefore, the Court cannot determine that diversity of citizenship is present. Defendant will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

Defendant shall supplement the Notice of Removal on or before **September 11, 2018** to show cause why this case should not be remanded for lack of subject matter

jurisdiction.  **Failure to do so will result in this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record