UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR ROSAS and RAQUEL
BURICH,

    Plaintiffs,

v.                                             Case No: 2:18-cv-586-FtM-99CM

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant's Supplemental Notice of Removal (Doc. 10) filed on September 26, 2018, in response to the Court's Order (Doc. 4) directing Defendant to supplement the Notice of Removal or show cause why the case should not be remanded for lack of subject-matter jurisdiction.

Defendant clarified that it is incorporated in Delaware, and that its principal place of business is in California. (Doc. 10, ¶ 4). The additional allegations regarding Plaintiffs' citizenship, however, remain inadequate. Defendant continues to state, "upon information and belief" that Plaintiffs "resided in Lee County, Florida." (Doc. 10, ¶ 6.) In support, Defendants submit that Plaintiffs represented in their insurance application that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

their Florida property was to be used as their primary residence and also listed their mailing address in Lee County, Florida. (*Id.*)

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341 (11th Cir. 2011); *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal citations omitted). *See also Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (noting that an unsworn statement of a party's primary residence in a brief is not evidence of citizenship). Thus, the allegations regarding Plaintiffs' citizenship remain deficient.

Although the burden lies with Defendant to establish this Court's subject-matter jurisdiction and such supporting information should have been sought prior to seeking removal, Defendant requests that if the Court finds the supplemental information deficient, it be allowed to conduct limited jurisdictional discovery from Plaintiffs to establish their State of domicile. (Doc. 10, ¶ 8). Defendant's request for jurisdictional discovery is embedded in the Supplemental Notice without citation to any authority or further argument. *See Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery where requesting party "has

only generally requested such discovery, without explaining how such discovery would bolster its contentions"). Thus, the Court will deny the request at this time without prejudice to Defendant filing a proper motion that offers argument in support of its request for jurisdictional discovery.[2] If Defendant obtains information regarding Plaintiffs' citizenship at any time it should further supplement its Notice of Removal which could moot the need for jurisdictional discovery.

Accordingly, it is now

**ORDERED:**

(1) Defendant shall file a motion for leave to take jurisdictional discovery in support of its Notice of Removal by **October 5, 2018**. **Failure to do so will result in this matter being remanded without further notice.**

(2) If Defendant supplements its Notice of Removal prior to this date that satisfies the Court's subject-matter jurisdiction the need for jurisdictional discovery would be moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The Court would have hoped that Defendant would have consulted with Plaintiffs' counsel regarding citizenship after the Court's Order; however, in its request for an extension of time (Doc. 8), Defendant states that it has attempted to speak with Plaintiffs' counsel regarding this matter on several occasions (via email and phone) but has been unable to speak with them. (*Id.*, ¶ 4). This is disconcerting to the Court and Plaintiffs and their counsel shall make every effort to work with Defendant in this case moving forward.