UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR ROSAS and RAQUEL BURICH,

      Plaintiffs,

v.                                              Case No:  2:18-cv-586-FtM-99UAM

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Geovera Specialty Insurance Company's ("Geovera") Motion to Strike Portions of Complaint filed on October 10, 2018 as part of its Answer to Plaintiffs' Complaint.  Doc. 16.[2]  Geovera seeks to strike Plaintiff's references to Chapter 627 of the Florida Statutes.  Id. at 8-9.  Plaintiff does not oppose the relief requested. Doc. 40.  For the reasons stated below, the Court recommends the motion be granted.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## I. Background

This case was removed from the Twentieth Judicial Circuit Court in and for Lee County, Florida on August 31, 2018. Docs. 1, 2. According to the Complaint, Plaintiff had an insurance policy, Policy No. GC70011288 (the "Policy"), through Geovera insuring a property. Doc. 2 ¶¶ 5-6. On or about September 10, 2017, the property sustained physical damage and losses due to Hurricane Irma. See id. at ¶ 7. Plaintiffs filed a claim for the loss, and Defendant acknowledged coverage in an amount below the deductible. Id. ¶¶ 8-9. Plaintiffs submitted an estimate indicating a substantially different evaluation of the scope of the loss, but Geovera refused to pay any more than its own adjuster's estimate of the insured loss. Id. ¶¶ 13-14. Thus, Plaintiffs filed the present action alleging Geovera breached the Policy. See id. ¶ 15.

On October 10, 2018, Geovera filed an Answer to the Complaint, which included the present motion to strike. Doc. 16. Because the motion was included in the Answer, it was not docketed as a motion, and Plaintiffs failed to respond to it. See Doc. 36. The parties discussed the motion with the Court at the Preliminary Pretrial Conference on November 14, 2018, and the Court granted Plaintiffs' *ore tenus* motion to respond to the motion to strike out of time. See id. Plaintiffs filed their response to the motion to strike on November 16, 2018. Doc. 40. The matter is ripe for judicial review.

## II. Analysis

Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts generally disfavor motions to strike, "[d]istrict courts have broad discretion in disposing of motions to strike" under Rule 12(f). *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447,

at *1 (M.D. Fla. Nov. 9, 2009); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted).

Here, Geovera argues Plaintiffs' references to Chapter 627 of the Florida Statutes, including the request for attorneys' fees under Section 627.428, should be stricken from the Complaint because Geovera is a surplus lines insurance carrier, and Chapter 627 does not apply to surplus lines carriers. Doc. 16 at 8 (citing Fla. Stat. § 626.913). Plaintiff agrees Section 627.428 does not apply in this action because Geovera is a surplus lines insurance carrier. Doc. 40 at 1. Because it is uncontested Geovera is a surplus line insurance carrier and Chapter 627 does not apply to surplus line carriers, the Court recommends striking the Complaint's references to Chapter 627, including the request for attorneys' fees under Section 627.428, as immaterial. *See* Doc. 2 ¶¶ 10-11, 17; Fla. Stat. § 626.913(4). As Geovera does not seek to strike Plaintiffs' request for attorneys' fees under Section 626.9373 of the Florida Statutes, the Court need not address Plaintiffs' entitlement to fees under that statute at this time.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Geovera Specialty Insurance Company's Motion to Strike Portions of Complaint (Doc. 16) be **GRANTED**, and Plaintiff's references to Chapter 627 of the Florida Statutes in paragraphs 10, 11, 17, and the "WHEREFORE" paragraph of the Complaint (Doc. 1) be **STRICKEN**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of February, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record